Andrew McAnsh, Appellant, v. Julius Blauner, Respondent.

First Department, January 13, 1928.

Bills and notes — interest — action on promissory note made in Florida bearing interest at eight per cent — note was given as part consideration for purchase of real property in Florida — failure to plead Florida law may be corrected, under Civil Practice Act, § 105, by amendment — usury not shown — eight per cent is legal in Florida — defendant's affidavits do not show existence of valid defense of false representation — plaintiff is entitled to summary judgment for amount admittedly due, with interest — action severed as to unliquidated claim for counsel fees.

The promissory note forming the basis of this action was made in Florida, bears interest at the rate of eight per cent and was given as part consideration for the purchase of real estate in Florida. The failure of the plaintiff to allege the law of Florida is not vital, and the Appellate Division, acting under section 105 of the Civil Practice Act, considers the complaint amended to allege the law of Florida.

A contract which provides a greater rate of interest than the legal rate, upon a deferred payment, which constitutes the consideration for a sale, is not usurious, and since the note was given under a written contract for the purchase of rea property, the defense of usury is not good. Furthermore, eight per cent interest is legal in Florida.

The defense of false representation is not supported by affidavits, while, on the other hand, the plaintiff's affidavits show conclusively that the defendant's claim of false representation is without basis in fact. Therefore, the plaintiff is entitled to summary judgment for the amount admittedly due on the note, with interest, but the action is severed as to the unliquidated claim by the plaintiff for the counsel fees recoverable under the terms of the note.

Appeal by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 30th day of June, 1927.

First Department, January, 1928.                      [Vol. 222

*William H. Griffin* of counsel [*Loucks, Griffin, Connet & Cullen,* attorneys], for the appellant.

*I. Gainsburg,* for the respondent.

Proskauer, J.   Plaintiff appeals from an order denying his motion for summary judgment under rule 113 of the Rules of Civil Practice.   The action is upon a promissory note bearing interest at the rate of eight per cent per annum, made and payable at Sarasota, Fla.   It appears without contradiction that the note was given pursuant to a written contract as part consideration for the purchase of real estate in Florida and that by the law of Florida eight per cent is the legal rate of interest.   The over-technical, dilatory and unsubstantial contention of the defendant that summary judgment should not be ordered because of failure to allege the law of Florida in the complaint merits not even passing consideration in a court of justice.   We have no hesitation in considering this a typical case for amendment as of course under section 105 of the Civil Practice Act and the complaint is deemed amended accordingly.

There was in fact no usury.   A contract which provides for a rate of interest greater than the legal rate upon a deferred payment, which constitutes the consideration for a sale, is not usurious. (*Orvis* v. *Curtiss,* 157 N. Y. 657; *Meaker* v. *Fiero,* 145 id. 165; *Frank* v. *Davis,* 23 Abb. N. C. 419; affd., 127 N. Y. 673.)   But even if it were, it is undisputed that eight per cent is not illegal interest in Florida.

The answer admits all the allegations of the complaint essential to the granting of this motion.   In a separate defense the defendant sets up that the making of the contract and the giving of the note were induced by a false representation that the plaintiff and Ralph C. Caples had and could deliver a valid and marketable title to the real estate in question.   In his affidavits, however, the defendant gives no evidence whatever to sustain this allegation.   He does not state who made the representations, to whom they were made, or any of the circumstances in connection with them.   On the other hand, the plaintiff's affidavits show conclusively that the contract itself contains a clause that the property should be taken subject to all existing covenants, restrictions and limitations of record appertaining to said property and that in the agreement itself is contained an acknowledgment that the vendors had delivered to the vendee an abstract of title.   The agreement further provided that all objections to title should be made in writing within twenty-five days.   No objection was made to the title and the transaction was consummated in accordance with the agreement and in part

by the delivery of the note in suit. Rule 113 casts on the defendant the burden of showing by affidavit or other proof " such facts as may be deemed * * * sufficient to entitle him to defend." Its purpose was to stamp out the practice of procuring a delay of judgment by the interposition of defenses good on their face, which could not be substantiated even by affidavit. This is such a case.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted to the extent of ordering judgment for the amount admittedly due on the note with interest, and severing the action as to the unliquidated claim for counsel fees recoverable under the terms of the note.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted to the extent of ordering judgment for the amount admittedly due on the note with interest, and severing the action as to the unliquidated claim for counsel fees recoverable under the terms of the note. Settle order on notice.