## HOME ART, Inc. v. GLENSDER TEXTILE CORPORATION et al.

United States District Court
S. D. New York.
Sept. 16, 1948.

Lehman, Goldmark & Rohrlich, of New York City (Chester Rohrlich and Jerome L. Abrams of Lans, Goldstein, Golenbock & Abrams, all of New York City, of counsel), for plaintiff.

Fennelly, Lowenstein, Engelhard & Pitcher, of New York City, for defendants.

KAUFMAN, District Judge.

Plaintiff moves for summary judgment in an action based upon defendants' alleged infringement of copyright.

The alleged infringement consists in the manufacture by defendant Glensder Textile Corporation of silk scarves bearing a copy of plaintiff's copyrighted reproduction of an oil painting made by Francesco Beda, entitled "The Entertainment", the sale of such scarves by Glensder to the other defendants, and the resale thereof by them.

Both the complaint and the moving affidavit allege that during the process of reproducing the painting, plaintiff procured

a copyright of the painting itself, and copies of the Certificate of Registration issued to plaintiff are annexed to the complaint and to the moving affidavit. The gravamen of the action, however, is not the alleged infringement of the copyrighted painting but the alleged infringement of the copyrighted reproduction.

The answer admits that the design on the scarves is "not unlike the outline of a group of figures" in the oil painting and in "a lithograph thereof". The answering affidavits allege that the design was purchased by defendant Glensder from Guarine Studio, 366 Broadway, New York City, a reputable organization of experienced and able designers with which Glensder had done business for five or six years; that in view of these past dealings, Glensder believed that the design was either original with Guarine or that it had been copied by one of Guarine's designers from an uncopyrighted original, and that Glensder assumed that Guarine would not sell a design unless it could be used without fear of a claim of infringement.

The oil painting was not produced on the motion, but plaintiff's copyrighted reproduction thereof and a sample of the scarf involved were produced and submitted to the Court.

The imprint on the scarf appears identical to plaintiff's reproduction of the painting. The figures on the scarf and on the reproduction, when imposed upon each other, are congruent and similar in almost every respect.

Defendants' position, as stated in their brief and in oral argument, is that (a) the original painting is in the public domain and plaintiff's copyright of it is invalid, (b) there is an issue of fact as to the copyrightability of plaintiff's reproduction, and (c) the design on the scarf may have been copied by Guarine from the original painting and not from plaintiff's reproduction.

As defendants point out in their answering affidavits, their contentions raise only "matters of law". As such, I deem it appropriate to dispose of them on this motion.

■ (a) There is nothing in the answering affidavits to support defendants'

assertion that the original painting is in the public domain and that plaintiff's copyright on it is invalid. Defendants argue merely that since the artist who created the painting died in 1900, there was "presumably" a publication and dedication of the original painting to the public. The answering affidavits contain no facts to indicate that the original oil painting ever was placed in the public domain and such dedication could not be presumed from the mere fact that the painting was made by an artist who died in 1900. Moreover, this suit is not for infringement of the copyright with respect to the original painting; it is for the infringement of the copyright with respect to the reproduction. A reproduction of a painting may be independently copyrightable, and such a copyright will support a suit for the infringement of the reproduction. "Copyrights", 17 U.S.C.A. § 5(h); Rule 201.4(b) (8) of Rules and Regulations re Registration of Claims to Copyright, 17 U.S.C.A., following section 207; Alfred Bell & Co. v. Catalda Fine Arts, D.C., 74 F.Supp. 973. Consequently, the validity of plaintiff's copyright on the original painting is not involved. However, even if it were, defendants have presented no facts to show that any issue exists with respect to it. On the contrary, plaintiff has produced a certificate of copyright registration issued to it with respect to the original painting. This is prima facie evidence, at least, of the validity of the copyright and that plaintiff is the proprietor thereof and has title thereto. Copyright Law, Sec. 55, 17 U.S.C.A. § 209; Remick Music Corp. v. Interstate Hotel Co., D.C., 58 F.Supp. 523, affirmed 8 Cir., 157 F.2d 744, certiorari denied 329 U.S. 809, 67 S.Ct. 622, 91 L.Ed. 691; Freudenthal v. Hebrew Publishing Co., D.C., 44 F.Supp. 754. In the absence of anything in the answering affidavits to show that this prima facie evidence may be impeached or contradicted, no issue with respect to the validity of the copyright on the original painting would be presented for trial, even if the validity of that copyright were involved.

■ (b) Defendants have submitted nothing to support their assertion that there is an issue of fact as to the copy-

rightability of plaintiff's reproduction. Prima facie copyrightability is established by the Certificate of Copyright issued to plaintiff, which carries with it the presumption of validity, propriety and title (cases cited supra) and defendants have presented nothing to meet or question this prima facie proof.

(c) Defendants' contention that, for all that appears, the sketch used by defendants may have been copied from the original painting, and not from the reproduction, is unsupported by anything in the answering affidavits. The moving affidavit alleges that the picture on the scarf is a copy of plaintiff's copyrighted reproduction. This is not denied in the answering affidavits. If the picture on the scarf had been made from the original painting, defendants could have established that fact, or, at least, created an issue with reference to it, by submitting an appropriate affidavit of the designer at Guarine who made the sketch. They have not done so. Nothing is submitted to show that the designer even had access to the original, much less that he copied from it. The failure to produce such an affidavit or to offer any excuse for not doing so, the similarity between the picture on the scarf and the copyrighted reproduction of the painting, and defendants' failure to present any other evidence that its copy was made from the original oil painting rather than from the reproduction, leaves plaintiff's allegation that the scarf is a copy of plaintiff's copyrighted reproduction undisputed, and results in the failure of defendants to meet the burden which plaintiff's proof cast upon them. Stephens v. Howells Sales Co., Inc., D.C., 16 F.2d 805; Werckmeister v. Springer Lithographing Co., C.C., 63 F. 808; Ball, Law of Copyright and Literary Property, pp. 607–9.

Upon a motion of this kind, the defendant, in order to succeed, is required to set. forth facts which show that he has a bona fide defense and that a triable issue exists to be resolved upon trial. Nahtel Corp. v. West Virginia Pulp & Paper Co., 2 Cir., 141 F.2d 1; Board of Public Instruction for County of Hernando v. Meredith, 5 Cir., 119 F.2d 712; Ramsouer v.

Midland Valley R. Co., D.C., 44 F.Supp. 523; McAnsh v. Blauner, 222 App.Div. 381, 226 N.Y.S. 379. Defendants have not done this. The validity of the copyright on the reproduction, on which plaintiff relies, is established prima facie by the Certificate of Copyright issued to plaintiff, and the allegation of the moving affidavit that the picture on the scarf is a copy of the copyrighted reproduction stands undenied. All defendants assert in their answering affidavits is that the sketch from which the scarf was made was purchased in good faith. This is insufficient to raise an issue for trial in such an action as this.

Motion for summary judgment is granted and damages to the plaintiff, if any, are to be fixed and determined. Settle order on notice.