Howard A. Zeller, J.
Richard Kuhnen, as trustee in bankruptcy of William J. Uhl, has sued the National Bank of Liberty to recover as an alleged preference of creditors under section 60 of the Bankruptcy Act (U. S. Code, tit. 11, § 96) the sum of $1,500 paid the bank by virtue of an earlier assignment of a portion of labor contract proceeds then due or to become due to Uhl from the Westcott Construction Corporation. The defendant bank has moved for summary judgment under rule 113 of the Rules of Civil Practice.
Early in May of 1958 Uhl applied to the defendant bank for a loan of $1,500 to be used for payrolls and material, stating that he was a bridge painting subcontractor on some new highway construction near Liberty, New York; that his job was nearly completed and approximately $5,000 would be due him shortly from the Westcott Construction Corporation but that the loan was necessary because there would be a delay in payment to him since there would be a delay in the State’s payment to Westcott on the entire job.
On May 12,1958 Uhl executed an assignment of the funds due him from Westcott as collateral security for the loan, and on May 13, 1958 executed a 30-day note for $1,500. The bank paid the money out to Uhl upon Westcott’s approval and acceptance of the assignment on May 14,1958, and its verification that sufficient funds were due Uhl to satisfy the note. Because of a further delay in Westcott’s receipt of State funds Uhl’s note was not satisfied under the assignment until September 19, 1958.
On October 15, 1958 Uhl filed a petition in bankruptcy in the United States District Court for the Northern District of New York, which adjudicated him bankrupt on December 13,1958.
The pertinent portions of the Bankruptcy Act are as follows:
“ A preference is a transfer, as defined in this Act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of Ms debt than *668 some other creditor of the same class.” (Bankruptcy Act, § 60, subd. [a], par. [1]; U. S. Code, tit. 11, § 96, subd. [a], par. [1].)
1 ‘ For the purposes of subdivisions a and b of this section, a transfer of property other than real property shall be deemed to have been made or suffered at a time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee. * * * If any transfer * * * is not so perfected against such liens by legal or equitable proceedings prior to the filing of a petition initiating a proceeding under this Act, it shall be deemed to have been made immediately before the filing of the petition. ’ ’ (Bankruptcy Act, § 60, subd. [a], par. [2]; U. S. Code, tit. 11, § 96, subd. [a], par. [2].)
It is plaintiff’s contention that the assignment by Uhl to the bank was ineffective to avoid the operation of section 60 of the Bankruptcy Act because the payment under the assignment by Westcott to the bank on Uhl’s noté was made within four months of the filing in bankruptcy. Plaintiff also contends on argument that the assignment was legally ineffective because the assignor retained control over the subject matter assigned since sums in excess of the assigned amount apparently were to become due Uhl from Westcott.
Defendant bank argues that neither the assignment nor the payment created a preference as the executed assignment upon its delivery to and acceptance by Westcott then constituted under the terms of the Bankruptcy Act an actual and completed transfer for a present consideration of Uhl’s property more than four months prior to Uhl’s filing in bankruptcy.
Defendant bank also points out correctly that the complaint does not attack the assignment nor attempt to declare it invalid, but merely alleges that the payment made under the assignment by Westcott on September 19,1958 constituted the preference.
The only factual issue raised by the pleadings is whether the bank consummated the loan transaction with reasonable cause to believe that Uhl was then insolvent within the purview of the Bankruptcy Act. Upon the motion, however, plaintiff’s supporting affidavit merely restates upon affiant’s information and belief the complaint’s allegation of reasonable cause for the bank’s knowledge of Uhl’s insolvency at the time of making the loan. Such a conclusion of fact cannot be considered on a motion for summary judgment, which requires that evidentiary facts be presented to support the respective parties’ positions. On the other hand, the supporting affidavits and documents presented by the bank reveal that the loan application was processed *669 with the usual precautions taken in the course of such business and that inquiries of Westcott revealed a substantial unattached and unencumbered sum then due to Uhl. The conclusion is inescapable that the bank had no cause for believing at the time of making the loan that Uhl either was then or was about to become insolvent. There being no genuine factual issues to be resolved, the motion for summary judgment is properly entertained. (McAnsh v. Blauner, 222 App. Div. 381, affd. 248 N. Y. 537.)
The assigning instrument itself shows nothing illusory, prospective, contingent or conditional about the transfer of Uhl’s interest in funds due from Westcott. Nor, beyond stating the argument, has plaintiff pointed out or demonstrated how Uhl retained such a control over the subject matter of the assignment as to render the bank’s rights therein inferior to any subsequent lien of Uhl’s creditors. It is concluded, therefore, that the assignment upon its acceptance by Westcott was a complete and effective transfer of Uhl’s interests more than four months prior to Uhl’s filing in bankruptcy. Payment at any time of an antecedent debt from property of the debtor fully assigned for value more than four months prior to filing of a petition in bankruptcy does not create an unlawful preference. (McKenzie v. Irving Trust Co., 292 N. Y. 347, affd. 323 U. S. 365.)
Defendant’s motion for summary judgment, therefore, should be granted, without costs.
Submit order accordingly.