Carola AMSINCK, Plaintiff,

v.

COLUMBIA PICTURES INDUSTRIES, INC., and RCA/Columbia Pictures Home Video, Defendants.

92 Civ. 7796 (JFK).

United States District Court, S.D. New York.

July 25, 1994.

---

Russo & Burke, New York City (Joel L. Hecker, Laurence Desind, of counsel), for plaintiff.

Pryor, Cashman, Sherman, & Flynn, New York City (Tom J. Ferber, Kate M. Wheble, of counsel), for defendants.

## OPINION AND ORDER

KEENAN, District Judge:

Before the Court is the defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Also before the Court is plaintiff's cross motion for partial summary judgment as to defendants' liability.

## BACKGROUND

Plaintiff Carola Amsinck ("Amsinck" or "Plaintiff") is a self-employed graphic artist. In 1985, Amsinck created artwork consisting of pastel-colored teddy bears, which she calls the "Baby Bears Artwork."

Around July 29, 1986, Amsinck applied for a copyright registration for the Baby Bears design (along with two other similar designs).

Amsinck has licensed the Baby Bears Artwork to a number of entities for various household articles, including the item at issue, the "Baby Bears Musical Mobile" (the "Mobile"). The package containing the Mobile gives notice of copyright identifying Amsinck as the copyright owner of the work. The Mobile itself also bears notice of Amsinck's copyright.

In 1989, defendants Columbia Pictures Industries, Inc. and RCA/Columbia Pictures

Home Video ("Defendants"), released a motion picture entitled "Immediate Family" ("the film"). The film is about a childless couple who, pained by their inability to conceive, decide to adopt the soon-to-be-born child of a pregnant young woman.

The film contains several scenes in which the Mobile appears in the bedroom where the couple is building a nursery for the baby they plan to adopt. In these scenes, the Mobile containing the Baby Bears Artwork can be seen for periods of time ranging from two seconds to twenty-one seconds, with a total exposure of approximately one minute and thirty-six seconds. In some instances, the Mobile appears only in the distance, with the artwork barely visible, while at other times the image is viewed in a close-up shot.

The defendants altered the Mobile in such a way that it would hang from the ceiling rather than from the crib. This made the Mobile, and thus the artwork, more easily visible in these scenes.

The film has been released to the public in movie theaters and through home video and has been shown on television. The defendants asked for, and obtained, permission to use several other copyrighted works in the film. They did not seek permission to display the Mobile bearing the plaintiff's copyrighted artwork, nor did they credit Amsinck as the creator and copyright holder of the design.

The plaintiff instituted this action in October of 1992, alleging that the defendants' use in the film of the Mobile bearing the Baby Bears Artwork constituted copyright infringement. Following document discovery and one session of plaintiff's deposition, the parties agreed that the issue of liability should be addressed on a motion for summary judgment. Summary judgment is appropriate in this case as both parties agree to the material facts.

## DISCUSSION

Defendants move for summary judgment on the ground that they did not infringe upon plaintiff's copyright. Defendants alternatively argue that they are entitled to a fair use defense. Plaintiff moves for partial summary judgment for a determination of whether defendants are liable as infringers as a matter of law.

## I. SUMMARY JUDGMENT STANDARDS

### A. Summary Judgment Generally

Courts may grant summary judgment only if there is no genuine dispute as to any material fact and the moving party is thus entitled to judgment as a matter of law. *See, e.g., Silver v. City University of New York*, 947 F.2d 1021, 1022 (2d Cir.1991); *Montana v. First Federal Sav. & Loan Ass'n*, 869 F.2d 100, 103 (2d Cir.1989); *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *Falls Riverway Realty, Inc. v. Niagara Falls*, 754 F.2d 49, 54 (2d Cir.1985).

### B. Summary Judgment and the Fair Use Defense

The defense of fair use enables others than the copyright owner to use the copyrighted item in a limited way. The fact-driven nature of fair use determination under copyright law suggests that the district court should be cautious in granting a rule 56 motion in this area; however, it does not protect a copyright holder from summary judgment where there are no material factual disputes. *Wright v. Warner Books Inc.*, 953 F.2d 731, 735 (2d Cir.1991).

Courts may resolve fair use determinations at the summary judgment stage. *See, e.g., Maxtone–Graham v. Burtchaell*, 803 F.2d 1253 (2d Cir.1986), *cert. denied*, 481 U.S. 1059, 107 S.Ct. 2201, 95 L.Ed.2d 856 (1987); *Berlin v. E.C. Publications, Inc.*, 329 F.2d 541 (2d Cir.1964), *cert. denied*, 379 U.S. 822, 85 S.Ct. 46, 13 L.Ed.2d 33 (1964); *Time Inc. v. Bernard Geis Assocs.*, 293 F.Supp. 130 (S.D.N.Y.1968). "The mere fact that a determination of the fair use question requires an examination of the specific facts of each case does not necessarily mean that in each case involving fair use there are factual issues to be tried." *Wright v. Warner Books, Inc.*, 953 F.2d 731, 735 (2d Cir.1991), *quoting Maxtone–Graham*, 803 F.2d at 1258 (quoting

*Meeropol v. Nizer,* 417 F.Supp. 1201, 1208 (S.D.N.Y.1976), *rev'd in part on other grounds,* 560 F.2d 1061 (2d Cir.1977), *cert. denied,* 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 756 (1978)).

## II. COPYRIGHT INFRINGEMENT

### A. Standards

■ In order to prevail on a claim of copyright infringement, the plaintiff must establish two elements: (1) ownership of a valid copyright; and (2) copying of the protected work by the alleged infringer. *See, e.g.,* 2 H.B. Abrams, *The Law of Copyright,* § 14.01[A]; *Walker v. Time Life Films, Inc.,* 784 F.2d 44, 48 (2d Cir.1986); *Eckes v. Card Prices Update,* 736 F.2d 859, 861 (2d Cir. 1984).

The term "copy" was defined in the old English case *West v. Francis,* 5 Barn. & Ald. 743; this definition has been cited with approval by the United States Supreme Court in *White–Smith Music Publishing Co. v. Apollo Co.,* 209 U.S. 1, 17, 28 S.Ct. 319, 323, 52 L.Ed. 655 (1908), and by this district in *Mura v. Columbia Broadcasting System, Inc.,* 245 F.Supp. 587, 589 (S.D.N.Y.1965): "A copy is that which comes so near the original as to give to every person seeing it the idea created by the original."

■ To establish "copying", the plaintiff must prove that the defendant "mechanically copied the plaintiff's work." II Goldstein, *Copyright,* § 7.2, at 7. There must be some degree of permanence or the maxim "de minimis" applies, requiring a finding of no liability. Weil, *American Copyright Law,* at 1406. In determining whether a use constitutes a copy, the courts look to a functional test to see whether the use has "the intent or the effect of fulfilling the demand for the original." 3 M. Nimmer, *Nimmer on Copyright,* § 13.05[B], 13–192, *quoting Berlin v. E.C. Publications, Inc.,* 329 F.2d 541, 545 (2d Cir.1964).

### B. Analysis

■ The defendants, arguing that their use of Amsinck's work has not infringed her copyright, have moved for summary judgment, while the plaintiff has cross-moved for partial summary judgment as to the defendants' liability. All parties agree that plaintiff has established the existence of a valid copyright protecting her design. All parties also agree that the defendants, without permission from Amsinck, used a mobile bearing her artwork in their film. The only disputes at issue are legal rather than factual. First, the parties dispute whether defendants' use in the movie of the Mobile bearing plaintiff's artwork constitutes a copy for the purposes of establishing copyright infringement. Secondly, the parties dispute whether the defendants' use would be protected by the fair use defense. Therefore, there are no disputed issues of material fact precluding summary judgment.

#### 1. Ownership of a Valid Copyright

As described above, in order to establish a valid claim of copyright infringement, the plaintiff must prove ownership of a valid copyright and unauthorized copying by the defendants. In this case the existence and validity of the plaintiff's copyright is not challenged. Amsinck's certificate of registration is prima facie evidence of ownership. *See Samet & Wells, Inc. v. Shalom Toy Co.,* 429 F.Supp. 895, 902 (E.D.N.Y.1977), *aff'd,* 578 F.2d 1369 (2d Cir.1978), *quoting* 17 U.S.C. § 410(c).

#### 2. Reproduction in a Film as a Copy

The issue of whether the defendants' use of plaintiff's work constituted a copy is disputed in this action. While it is obvious that a copyright of a work of art may be infringed by reproduction of the object itself, *see, Home Art, Inc. v. Glensder Textile Corp.,* 81 F.Supp. 551 (S.D.N.Y.1948) (oil painting reproduced on a scarf), that is not the nature of the copying here alleged. In this case, the defendants have not sold, manufactured, or even used an article simulating the copyrighted work. Rather, the defendants have used the genuine artwork (on the Mobile) in a film. The plaintiff argues that this use is an infringement of her copyright. The question is whether this use constitutes a copy.

In a situation similar to the one at bar, a court in this District has found that the

broadcasting of copyrighted hand puppets on a television show was not a copy for the purposes of copyright infringement. *Mura v. Columbia Broadcasting System, Inc.,* 245 F.Supp. 587, 590 (S.D.N.Y.1965). That Court determined that the act of broadcasting altered the copyrighted items to such a degree that they became so "different in nature from the actual copyrighted design" that the use was not a copy. *See id.* Here, as in *Mura,* the defendants' display of the Mobile bearing Amsinck's work is different in nature from her copyrighted design. In this matter, the defendants' use was not meant to supplant demand for Amsinck's work; nor does the film have the effect of diminishing interest in Amsinck's work. Defendant's use was not a mechanical copy. Defendants' use, which appears for only seconds at a time and can be seen only by viewing a film, is fleeting and impermanent. This Court therefore concludes that the defendants' use is not a copy for the purposes of a copyright infringement action.

Plaintiff has not successfully proven the second element necessary to establish a claim for copyright infringement. While the Court presumes Amsinck's copyright to be valid, it concludes that the defendants' use of plaintiff's Artwork in their film is not a copy. As a result, Amsinck's claim fails, and the defendants are not liable.

## III. THE DEFENSE OF FAIR USE

This Court's conclusion that the defendants' use of the plaintiff's artwork does not constitute a copy protects the defendants from liability for infringement. Even had the plaintiff successfully proven the two elements necessary to establish copyright infringement, the defendants might still be entitled to a fair use defense. Essentially, fair use provides to others than the owner of the copyright a privilege to use the material in a reasonable manner without the owner's consent. *Haberman v. Hustler Magazine, Inc.,* 626 F.Supp. 201, 208 (D.Mass.1986) (quoting *Rosemont Enterprises, Inc. v. Random House, Inc.,* 366 F.2d 303, 306 (2d Cir.1966), *cert. denied,* 385 U.S. 1009, 87 S.Ct. 714, 17 L.Ed.2d 546 (1967)).

### A. Standards

Section 107 of Title 17 of the United States Code identifies four factors to be considered in determining whether a fair use defense has been established by the defendant in a copyright infringement action. These factors are to be viewed according to the facts of each individual case. The four enumerated factors are: the purpose and character of the use; the nature of the copyrighted work; the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and the effect of the use upon the potential market for, or value of, the copyrighted work. *See* 17 U.S.C. § 107.

### B. Analysis

Because the effect on the plaintiff's potential market is the most important factor, the Court begins its analysis with a discussion of this factor.

### (1) The Effect upon the Potential Market for the Copyrighted Work

In a determination of the applicability of a fair use defense, courts have generally placed the most emphasis "on the effect of the use upon the potential market for the plaintiff's work." *Triangle Publications, Inc. v. Knight–Ridder Newspapers, Inc.,* 626 F.2d 1171, 1175 (5th Cir.1980). *See also Time Inc. v. Bernard Geis Assocs.,* 293 F.Supp. 130 (S.D.N.Y.1968); 3 M. Nimmer, *Nimmer on Copyright,* § 13.05(b)(4), 13–54. The most important factor bearing on whether the use is fair is whether the use tends to interfere with sales of the copyrighted article. *Harper & Row, Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 566, 105 S.Ct. 2218, 2233, 85 L.Ed.2d 588 (1985); *Hustler Magazine, Inc. v. Moral Majority, Inc.,* 796 F.2d 1148 (9th Cir.1986); *Dow Jones & Co. v. Board of Trade,* 546 F.Supp. 113 (S.D.N.Y. 1982); *H.C. Wainwright & Co. v. Wall Street Transcript Corp.,* 418 F.Supp. 620 (S.D.N.Y. 1976), *aff'd* 558 F.2d 91 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 759 (1978). Actual present harm need not be shown. Rather, it need only be shown that if the challenged use should become widespread, it would adversely affect the potential market for the copyrighted

work. *See, e.g., Harper & Row,* 471 U.S. at 568, 105 S.Ct. at 2234–35; *Salinger v. Random House, Inc.,* 811 F.2d 90, 99 (2d Cir. 1987).

 Courts look to whether the "copying" can be used as a substitute for the plaintiff's original work. *Mura v. Columbia Broadcasting Systems, Inc.,* 245 F.Supp. at 590; *Shapiro, Bernstein & Co., Inc. v. P.F. Collier & Son,* 26 U.S.P.I. 40, 43 (S.D.N.Y. 1943). In situations where the copyright owner suffers no demonstrable harm from the use of the work, fair use overlaps with the legal doctrine of de minimis, requiring a finding of no liability for infringement. *Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 452, 104 S.Ct. 774, 793–94, 78 L.Ed.2d 574 (1984). While the mere absence of measurable pecuniary damages does not require a finding of fair use, the less adverse the effect that the alleged infringing has on a copyright owner's expectations of financial gain, the less public benefit need be shown to justify the use. *MCA, Inc. v. Wilson,* 677 F.2d 180, 183 (2d Cir.1981).

 This factor weighs strongly against a finding of liability under the facts of this case. In this case, the defendants' use of Amsinck's artwork did not prejudice sales of her design or of the Mobile bearing the design. Furthermore, the "copying" complained of—the defendants' use in a film of the Mobile bearing her artwork—could not be used as a substitute for her original work. Amsinck suffered no demonstrable harm from the defendants' use of her work. The film does not pose a threat to the market for Amsinck's work in either licensing artwork or in future sales to motion pictures. Indeed, the Court believes that, notwithstanding the lack of identification of the Mobile, its use in the film might actually increase the demand for mobiles in general, thereby benefitting plaintiff indirectly. While the other three factors may lean toward the plaintiff, their significance in this case is outweighed by this most important factor. Because this key factor all but requires a finding of fair use, defendants will be entitled to a finding of fair use unless all the other factors weigh strongly against such a finding.

**(2) The Purpose and Character of the Use**

The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes, is to be considered in analyzing the defendants' possible protection under the fair use defense. The critical issue here is not whether the sole motive of the defendant is monetary gain, but "whether the user stands to profit from its exploitation of the copyrighted material without paying the customary price." *Harper & Row Publishers v. Nation Enterprises,* 471 U.S. 539, 562, 105 S.Ct. 2218, 2231, 85 L.Ed.2d 588 (1985). The preamble to 17 U.S.C. section 107 enumerates certain purposes that are most appropriate for a finding of fair use, including: "criticism, comment, news reporting, teaching, scholarship, [and] research." 3 M. Nimmer, *Nimmer on Copyright,* § 13.05[A] at 13–156. Also relevant to "character" is the propriety of the defendant's conduct. *Wright v. Warner Books, Inc.,* 953 F.2d 731, 737 (2d Cir. 1991); *Harper & Row,* 471 U.S. at 562, 105 S.Ct. at 2231–32, *quoting* 3 M. Nimmer, § 13.05[A] at 13–165.

Here Amsinck correctly points out that the defendants' use is for no purpose other than adding to the production of a film made for commercial purposes. However, the copyrighted work was not used in advertisements or made known to a prospective viewers. Nor does it seem that the reproduction of Amsinck's artwork was intended to increase sales and thus improperly capitalize upon her work. While a misappropriation for a directly competing use would likely be incompatible with a finding of fair use, *Harper & Row,* 471 U.S. at 563, 105 S.Ct. at 2232, this case does not involve directly competing uses. Amsinck markets her work as "pleasing and evocative painted figures"—here licensed for use on a Mobile for a child's crib. The film's reproduction of the Baby Bears Artwork would not serve as a suitable substitute for someone who wishes to own a Mobile bearing Amsinck's artwork. Thus, defendants' commercial use of copyrighted material does not defeat a finding of fair use.

### (3) The Nature of the Copyrighted Work

Under this factor, the more creative a work, the more protection it should be accorded from copying. *See, e.g., Diamond v. Am–Law Pub. Corp.,* 745 F.2d 142 (2d Cir. 1984); *Maxtone–Graham v. Burtchaell,* 631 F.Supp. 1432 (S.D.N.Y.1986), *aff'd* 803 F.2d 1253 (2d Cir.1986), *cert. denied,* 481 U.S. 1059, 107 S.Ct. 2201, 95 L.Ed.2d 856 (1987). A great deal of creativity in a copyrighted work weighs against a finding of fair use. *See generally, MCA, Inc. v. Wilson,* 677 F.2d 180, 182 (2d Cir.1981); *H.C. Wainwright & Co. v. Wall Street Transcript Corp.,* 418 F.Supp. 620 (S.D.N.Y.1976), *aff'd,* 558 F.2d 91 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 759 (1978).

It is not disputed that Amsinck's copyrighted design is creative, imaginative, and original. *Update Art, Inc. v. Maariv Israel Newspaper, Inc.,* 635 F.Supp. 228, 231 (S.D.N.Y.1986). While the creativity of Amsinck's copyrighted design may lean against a finding of fair use, this factor does not weigh strongly in the Court's decision. Again, the film does not seek to serve as a substitute for the Mobile itself. Defendants are not seeking to profit directly from plaintiff's creativity. This factor also does not defeat a finding of fair use.

### (4) The Amount and Substantiality of the Portion Used

"This factor addresses the amount and substantiality of the portion used in relation to the copyrighted work as a whole." *Wright v. Warner Books, Inc.* 748 F.Supp. 105 (S.D.N.Y.1990), *aff'd,* 953 F.2d 731 (2d Cir. 1991), *quoting* 17 U.S.C. § 107(3). This factor includes a determination of not only quantitative, *Consumers Union of U.S., Inc. v. General Signal Corp.,* 724 F.2d 1044 (2d Cir.1983), *cert. denied,* 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984), but also qualitative substantiality. *Maxtone–Graham v. Burtchaell,* 803 F.2d 1253, 1263 (2d Cir. 1986).

Plaintiff argues that the defendants, by displaying the design in its entirety, used every element of the work. Although defendants clearly used the entire Mobile showing plaintiff's artwork, defendants rightly point out that the Mobile is seen for only a few seconds at a time, and the artwork itself is visible for less than 96 seconds. Although generally a use does not constitute fair use if it reproduces the entire work, *American Geophysical Union v. Texaco Inc.,* 802 F.Supp. 1, 17 (S.D.N.Y.1992), the Court declines to find that the defendants' short-term display of the Mobile in a film precludes a finding of fair use. Defendant is therefore entitled to a fair use defense to escape liability in this action.

### *CONCLUSION*

Plaintiff has failed to establish the elements necessary to hold defendants liable for copyright infringement for their use of a Mobile bearing her artwork in their film. Even assuming, *arguendo,* that plaintiff had proven the necessary elements, the defendants have successfully asserted a fair use defense.

For the foregoing reasons, defendants motion for summary judgment dismissing plaintiff's claim is granted. Therefore, plaintiff's cross-motion for partial summary judgment as to defendants' liability is denied. The Court orders the case closed and directs the Clerk of the Court to remove it from the active docket.

**SO ORDERED.**